UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYCE ADAM HAVILAND, 396272,

    Petitioner,                                    Civil Action No. 18-CV-11712

v.                                               HON. BERNARD A. FRIEDMAN

RANDEE REWERTS,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court convictions for second-degree criminal sexual conduct, four counts of using a computer to commit a crime, three counts of possession of child sexually abusive material, and one count of capturing image of unclothed person. Respondent has filed a motion to dismiss on the ground that two of the three claims raised in the petition have not been exhausted. The Court shall grant the motion and dismiss the petition without prejudice.

**I.    Background**

After pleading no contest to these charges, petitioner was sentenced to concurrent prison terms of ten to thirty years for second-degree criminal sexual conduct, four to ten years for capturing an image of an unclothed person, four to fourteen years for each of his convictions for using a computer to commit a felony, and three to eight years for each of his convictions for child sexually abusive material.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following two claims: (i) Petitioner's sentence violated the Sixth Amendment

and *People v. Lockridge,* 498 Mich. 358 (2015); and (ii) the trial court abused its discretion by imposing excessive court costs on Petitioner. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Haviland*, No. 335944 (Mich. Ct. App. Jan. 5, 2017). Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the following three claims: (i) the trial court failed to honor the *Cobbs* agreement; (ii) Petitioner's juvenile records were used at sentencing; and (iii) Petitioner is mentally challenged and is dependant on daily medications. The Michigan Supreme Court denied leave to appeal. *People v. Haviland*, 501 Mich. 925 (Mich. Nov. 29, 2017).

Petitioner filed the instant habeas petition on May 31, 2108. He raises the following three claims:

I. Petitioner entered into a verbal *Cobbs* agreement and sentencing guidelines were not followed or honored.

II. Petitioner's history of mental illness and juvenile records were used in sentencing.

III. Petitioner is mentally challenged and depends on daily medications to stay stable.

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To exhaust state court remedies, petitioner must present the claim "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015). It is petitioner's burden to show that state court remedies have been exhausted. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner raised his second and third claims for the first time in his application for leave to appeal in the Michigan Supreme Court. Raising a new claim for the first time with a state's

2

highest court on discretionary review does not constitute fair presentation of the claim to the state courts. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)). A prisoner must comply with the exhaustion requirement as long as there is still a state court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In the present case, an unexhausted procedure is available. Petitioner may file a motion for relief from judgment in the trial court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and the Michigan Supreme Court by filing an application for leave to appeal. *See* MCR 6.509, 7.203, 7.302.

The state courts must first be given a fair opportunity to rule upon petitioner's habeas claims before he may present those claims to this Court. Otherwise, this Court cannot apply the habeas standard of 28 U.S.C. § 2254. Furthermore, the state court proceedings may provide petitioner the relief he seeks, thereby mooting the federal questions presented. Non-prejudicial dismissal of the petition is warranted under such circumstances.

## III. Conclusion

Accordingly, the Court grants respondent's motion to dismiss and dismisses the instant petition without prejudice.

Before petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional

3

right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In the present case, reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court shall not issue a certificate of appealability. Nor may petitioner appeal in forma pauperis, as any appeal in this matter would be frivolous.

        SO ORDERED.

Dated: June 6, 2019
      Detroit, Michigan

Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2019.

Bryce Adam Haviland, 396727
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

s/Johnetta M. Curry-Williams
Case Manager